IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL COLEMAN,<br><br>    Petitioner,<br><br>    v.<br><br>PAM AHLIN, Executive Director,<br>Coalinga State Hospital,<br><br>    Respondent. | No. C-10-4675 TEH (PR)<br><br>ORDER REQUESTING MOTION TO DISMISS OR NOTICE THAT MOTION IS UNWARRANTED |

    Karl Coleman has filed a pro se petition for writ of habeas corpus challenging procedures related to his commitment to the California Department of Mental Health pursuant to California's Sexually Violent Predator Act, Cal. Welf. & Inst. Code § 6600 et seq ("SVPA"), as amended in 2006 by Senate Bill 1128 and Proposition 83, an initiative measure.  Petitioner alleges that his due process rights and right to a speedy trial were violated by pretrial excessive delays between August 2006 and 2009.  Doc. #1.  He has paid the $5.00 filing fee.

    Petitioner unsuccessfully sought relief in the state superior and appellate courts.  He filed a petition in state

superior court on November 10, 2009. Doc. #1 at 33. That court denied Petitioner's challenge on timeliness grounds and as meritless. Id. at 33-37. After the state appellate court summarily denied relief, the California Supreme Court summarily denied review on September 22, 2010. Doc. #1 at 47 & 50. The instant federal petition followed. Doc. #1.

II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243. It also may order Respondent to file another pleading where neither summary dismissal nor service is appropriate. See Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

III

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners

2

challenging non-capital state convictions or sentences[1] must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

Here, the state superior court rejected Petitioner's challenge to his excessive pretrial delays, in part, as untimely. See Doc. #1 at 33-37. This apparent procedural problem should be addressed before the Court reaches the merits of the claims raised in the Petition. If the Petition is time-barred, the litigants and Court need not expend resources addressing the claims in the Petition. Accordingly, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, Respondent must either (1) move to dismiss the Petition on the ground that it is untimely, or (2) inform the Court that a motion to dismiss is unwarranted in this

---

[1] A judgment committing an individual under the SVPA apparently is subject to review under the AEDPA standards in 28 U.S.C. § 2254(d). See Carty v. Nelson, 426 F.3d 1064, 1072-73 (9th Cir. 2005), amended, 431 F.3d 1185 (9th Cir. 2005).

3

case.

## IV

For the foregoing reasons and for good cause shown,

1. The Clerk is directed to serve by certified mail a copy of this Order and the Petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also is directed to serve a copy of this Order on Petitioner.

2. Respondent must file with the Court and serve upon Petitioner, within sixty (60) days of the issuance of this Order, a Motion to Dismiss the Petition as untimely or a notice that such a motion is unwarranted.

3. If Respondent files a Motion to Dismiss and Petitioner wishes to oppose it, he must do so by filing an Opposition with the Court and serving it upon Respondent within thirty (30) days of his receipt of the Motion to Dismiss.

4. Respondent may file and serve a Reply within fifteen (15) days of receipt of Petitioner's Opposition.

5. The motion shall be deemed submitted as of the date the Reply is due. No hearing will be held on the motion unless the Court determines at a later date that a hearing is required.

//
//
//
//
//

4

6. If Respondent notifies the Court that a Motion to Dismiss is unwarranted or the motion is denied, the Court will then determine whether to require an Answer to the Petition.

IT IS SO ORDERED.

DATED  *03/28/2011*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.10\Coleman-10-4675-order requesting mtd-timeliness.wpd

5