IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KARL COLEMAN,                                No. C-10-4675 TEH (PR)

       Petitioner,                        ORDER OF DISMISSAL

    v.

PAM AHLIN, Executive Director,
Coalinga State Hospital,

       Respondent.
_____/

       Karl Coleman has filed a <u>pro se</u> petition for writ of habeas corpus challenging his commitment to the California Department of Mental Health pursuant to California's Sexually Violent Predator Act, Cal. Welf. & Inst. Code § 6600 et seq ("SVPA"), as amended in 2006 by Senate Bill 1128 and Proposition 83, an initiative measure.  Petitioner alleges that his due process rights and right to a speedy trial were violated by excessive pretrial delays between August 2006 and 2009.  Doc. #1.  Respondent has filed a motion to dismiss based on the state procedural bar for untimeliness.  Doc. #5.  Petitioner has filed an opposition, and respondent has filed a reply.  For the reasons set forth below, the

petition for writ of habeas corpus is DISMISSED.

I.

On March 27, 2000, the Alameda County District Attorney filed a petition to commit petitioner as a sexually violent predator. Doc. #1 at 6, 8. On August 25, 2000, a probable cause hearing was held and the court found that probable cause existed to proceed with the commitment proceedings.

In June 2006, the District Attorney filed a motion to compel petitioner's interview for an updated evaluation because petitioner refused to be interviewed. Id. at Exh. C at 4. On December 5, 2006, the District Attorney filed an amended petition to bring the petition under the revised SVPA, which had been amended in 2006 by Senate Bill 1128 and Proposition 83. Id. at 8.

The Alameda County Superior Court calendared hearings throughout the latter half of 2006 thru June 2009, but petitioner's counsel waived petitioner's presence without petitioner's objection. Id. at Exhs. A and C. During that time, petitioner's counsel filed three motions to dismiss, which further delayed the trial. Id. at Exh C. at 4. None of the motions to dismiss raised the issue of unreasonable pretrial delay. Id. The state trial court originally set a trial date for October 9, 2007, but the trial date was continued multiple times, sometimes at the request of one of the parties. Doc. #1 at 8 and Exh. A.

On November 10, 2009, petitioner filed a pro se habeas petition in Alameda County Superior Court, seeking dismissal of the commitment petition. Id. at Exhs. B and C. Petitioner alleged that his due process rights had been violated by excessive pretrial

2

delays between August of 2006 and 2009. Id.  On June 21, 2010, the trial court denied the claim as untimely, finding that petitioner had failed to diligently seek relief or to show that his substantial delay was justified.  Doc. #1 at Exh. C at 1-3.  The trial court also found that even if the habeas petition had been timely, relief was unavailable on the merits.  Id. at 3-4.

      Petitioner filed a habeas petition in the California Court of Appeal, Doc. #1 at Exh. E, which was summarily denied on July 19, 2010, id. at Exh. F.  Petitioner then filed a habeas petition in the California Supreme Court, which was summarily denied on September 22, 2010.  Id. at Exh. G.

      On October 15, 2010, petitioner filed the instant federal habeas action, raising the same claim as raised in the state habeas petition, and seeking his discharge from "unconstitutional confinement."  Id. at 5, 6, 10.

      Petitioner's SVPA commitment proceedings are still ongoing.  No trial has been held.

## II.

      Petitioner is currently civilly committed to a state mental health facility pursuant to the SVPA, pending his trial.  His habeas petition is properly brought under 28 U.S.C. § 2241, which provides that a federal writ of habeas corpus extends to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) (Section 2241 "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of

3

habeas authority provided by the Constitution.'") (quoting White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546, 554 (9th Cir. 2010)). Section 2241 applies where the prisoner is in custody for a reason other than a state court judgment, such as pre-conviction custody, custody awaiting extradition, and other forms of custody that are possible without a conviction. White, 370 F.3d at 1006.

### III.

Under principles of equity, comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). Abstention under Younger is mandatory if the following four requirements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves.

San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008). Younger abstention applies to state civil, criminal and administrative proceedings. See id. (citing Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 627 (1986)). Interference is appropriate only upon a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions."

4

Younger, 401 U.S. at 53-54 (statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied); see also Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980) (federal injunctive relief against pending state prosecutions is appropriate only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other special circumstances where irreparable injury can be shown).

Younger applies to the pending SVPA civil commitment proceedings against petitioner.

First, the proceedings are ongoing.

Second, these proceedings implicate important state interests. See People v. McKee, 47 Cal.4th 1172, 1215 (Cal. 2010) (noting SVPA serves the "compelling" state interests of protection of the public and mental health treatment) (citing Hubbart v. Superior Court, 19 Cal.4th 1138, 1153 n.20 (Cal. 1999).

Third, petitioner is not barred from litigating the instant federal constitutional issues in the state proceedings and, in fact, has done so. "The fact that the state courts previously have rejected [p]etitioner's speedy trial claims in the habeas context does not demonstrate that the opportunity to raise those claims in the state courts in the future is inadequate." Morehead v. Ahlin, 2010 WL 6419554, *7 (C.D. Cal. Dec. 22, 2010) (citing Baffert v. Calif. Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003) (plaintiff's previous lack of success in a state court forum does not render Younger abstention inappropriate); Carden, 626 F.2d at 84, U.S. ex rel. Robinson Rancheria v. Borneo, 971 F.2d 244,

5

253-54 (9th Cir.1992)); see also People v. DePriest, 42 Cal.4th 1, 26 (Cal. 2007) (approving trial court's decision to defer ruling on speedy trial motion based on federal and state constitutions until the conclusion of trial's guilt phase "in order to properly assess prejudice").

Fourth, the instant petition, if granted, would enjoin the state proceedings as petitioner seeks to dismiss the commitment petition and be "discharged from . . . confinement." Doc. #1 at 5, 6, 10.

Petitioner argues that special circumstances exist in his case, specifically "prosecutions undertaken by state officials in bad faith without hope of obtaining a valid evaluation for a valid commitment." Doc. #1 at 10. Petitioner alleges that state officials have operated in bad faith by evaluating him according to assessment protocols that are unconstitutional. Doc. #6 at 13. The record indicates that there is a difference of opinion between petitioner and the California Department of Mental Health as to the constitutionality of the assessment protocols; the state officials' decision to proceed with commitment hearings is therefore not a prosecution undertaken in bad faith. See, e.g., Doc. #1 at 52.

Nor does the fact that petitioner must wait to assert his speedy trial claim on direct appeal in the event he is convicted constitute a special circumstance requiring a Younger exception. See Carden, 626 F.2d at 84 (a deliberate delay finding may bear on the merits of a speedy trial claim, but does not determine the appropriateness of federal intervention in state proceedings). Though courts may consider a lengthy delay between indictment and

6

arrest as presumptively prejudicial on post-conviction habeas review, Doggett v. United States, 505 U.S. 647, 656-57 (1992), such a delay alone does not give rise to a constitutionally invalid trial which would warrant federal intervention, see United States v. MacDonald, 435 U.S. 850, 861 ("It is the delay before trial, not the trial itself, that offends against the constitutional guarantee of a speedy trial. . . . [The loss of the right to a speedy trial], by definition, occurs before trial. Proceeding with the trial does not cause or compound the deprivation already suffered."). Plaintiff has not made a showing of "extraordinary circumstances," such as the state's bad faith or harassment, or that the SVPA, on its face or as applied to him, is "flagrantly and patently violative of express constitutional prohibitions." Younger, 401 U.S. at 53-54.

Under the rationale of Younger, the petition is DISMISSED without prejudice to refiling after SVPA proceedings, including appeal, are completed.

## IV.

Assuming, arguendo, the Court is not required to abstain, the petition must be denied as untimely. Federal habeas review is barred where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991).

Here, petitioner's state habeas petition, filed in November 2009, raises the same due process claim as alleged in his federal petition, namely that his due process rights have been violated by excessive pretrial delays between August of 2006 and 2009. Since the state appellate court and California Supreme Court

issued summary denials of petitioner's state habeas petition, Doc. #1 at Exhs. F and G, the Court looks through to the last reasoned opinion.  See Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991) (where the last reasoned opinion on a claim expressly imposes a procedural bar, it should be presumed that a later decision summarily rejecting the claim did not silently disregard the bar and consider the merits).  The state trial court issued a reasoned opinion denying the habeas petition as untimely.[1]  Doc. #1 at Exh. C.

California's timeliness requirement requires state habeas petitioner to be filed "as promptly as the circumstances allow," as measured from the time the petitioner knew, or reasonably should have known, the basis for the claim.  In re Clark, 5 Cal. 4th 750, 765 n.5 (Cal. 1993).  California's timeliness requirement is both independent, Bennett v. Mueller, 322 F.3d 573, 582-83 (9th Cir. 2003), and adequate, Walker v. Martin, 131 S. Ct. 1120, 1131 (2011).

Petitioner does not deny that he has failed to comply with California's timeliness requirement.  Instead he argues that his appointed public defender's failure to raise the excessive delay claim constitutes cause to excuse his procedural default or that he is entitled to the miscarriage of justice exception.  Doc. #6 at 9.  However, petitioner did not present ineffective assistance of counsel as an independent claim to the state courts, and therefore his counsel's alleged ineffective assistance does not constitute

---

[1] The state trial court opinion also found that even if the petition had been timely, it would have been rejected on the merits.  However, the "state court's application of [the] procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim."  Bennett, 322 F.3d at 580.

8

cause.  See Murray v. Carrier, 477 U.S. 478, 489 (1986).  While a procedurally defaulted ineffective assistance of counsel claim can serve as cause to excuse the default of another habeas claim if petitioner can satisfy the cause and prejudice standard with respect to the ineffective assistance of counsel claim itself, see Edwards v. Carpenter, 529 U.S. 446, 451 (2000), petitioner also failed to make a showing of cause and prejudice for his failure to raise the ineffective assistance of counsel claim as an independent claim to the state courts.  His allegation of ineffective assistance of counsel cannot serve as cause to excuse his procedural default.  See, e.g., Coleman, 501 U.S. at 750.

      Nor is petitioner entitled to a miscarriage of justice exception.  The miscarriage of justice exception applies to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Schlup v. Delo, 513 U.S. 298, 327 (1995) (citing Murray, 477 U.S. at 496).  However, petitioner does not argue that he is actually innocent; he argues instead that the evaluation standards applied by the Department of Mental Health are unconstitutional.  Doc. #6 at 12-16.  Petitioner does not provide clear and convincing evidence that, but for the delayed trial date, no reasonable juror would find petitioner eligible for commitment under the SVPA.  See, e.g., Schlup, 513 U.S. at 321.

      Accordingly, the state trial court's application of the timeliness requirement is an independent and adequate state procedural rule that would bar federal habeas review and require dismissal of this instant habeas petition with prejudice.

1 | v.

The instant federal habeas petition meets the requirements for abstention under <u>Younger</u>; therefore it is DISMISSED without prejudice. Further, a certificate of appealability will not issue because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

The Clerk is directed to terminate any pending motions as moot and close the file.

IT IS SO ORDERED.

DATED     03/29/2012

/s/ Thelton E. Henderson

**THELTON E. HENDERSON**
**United States District Judge**

G:\PRO-SE\TEH\HC.10\Coleman-10-4675-order of dismissal.wpd

**United States District Court**
For the Northern District of California